WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime Lee Wiedmaier,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-20-00864-PHX-JJT<br><br>**ORDER** |

At issue is the denial by the Social Security Administration ("SSA") under the Social Security Act ("the Act") of Plaintiff Jaime Wiedmaier's Application for Disability Insurance benefits. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 20, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 21, "Def. Br."), and Plaintiff's Reply (Doc. 25, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 17, "R.") and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 15–27) and remands this case for computation and award of benefits.

**I.     BACKGROUND**

On March 10, 2016, Plaintiff filed an application for Disability Insurance benefits alleging disability beginning December 15, 2014. (*Id.* at 15.) Plaintiff later amended her alleged disability onset date to August 5, 2015. (*Id.*) Plaintiff's claim was denied initially

on July 14, 2016, and on reconsideration on February 6, 2017. (*Id*.) Plaintiff appeared before the ALJ for a hearing on her claim on October 31, 2018. (*Id*.) On February 22, 2019, the ALJ denied Plaintiff's claim, and on March 4, 2020, the Appeals Council denied Plaintiff's Request for Review (*Id*. at 1–7, 27.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: synovial chondromatosis, bipolar disorder, and PTSD. (*Id*. at 18.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from August 5, 2015, through the date of the decision. (*Id*. at 26.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 18.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding Plaintiff:

> [H]as the [RFC] to perform light work . . . except: [She] can lift/carry a maximum of twenty-five pounds occasionally and twenty pounds frequently. [She] can stand/walk a maximum of six hours and sit for a maximum of six hours in an eight-hour day. [She] can occasionally push/pull with the right lower extremity. [She] can occasionally climb ladders, ropes and scaffolds. [She] can frequently climb ramps, stairs, balance, stoop, kneel, crouch, and crawl. [She] must avoid concentrated exposure to extreme cold, and all exposure to dangerous machinery and unprotected heights. [She] can perform occupations requiring no more than simple, routine, repetitive tasks. [She] cannot perform work in a fast-paced production environment.

(*Id*. at 20.) Accordingly, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.* at 25.)

## II. LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error.

*Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues that the ALJ erroneously rejected an opinion from her treating orthopedic specialist,

Dr. Timothy Bert. (Pl. Br. at 11–14.) Second, Plaintiff argues that the ALJ erred by discounting her symptom testimony. (*Id.* at 14–22.)

The Court agrees with Plaintiff, in part, and finds that substantial evidence does not support the ALJ's nondisability determination. The Court finds that the ALJ erred by rejecting Dr. Bert's opinion because the ALJ's finding that Dr. Bert's opinion was inconsistent with the medical evidence was unsupported by substantial evidence. The Court also finds that the ALJ did not err by rejecting Plaintiff's symptom testimony because it was inconsistent with Plaintiff's noncompliance with treatment recommendations. Nevertheless, Dr. Bert's improperly rejected opinion establishes Plaintiff's entitlement to benefits, and thus, the Court will remand Plaintiff's case for computation and payment of benefits.

**1. Substantial evidence does not support the ALJ's evaluation of Dr. Bert's opinion.**

On October 24, 2016, Dr. Bert gave an opinion regarding Plaintiff's functional limitations due to her impairments. (R. at 926–28.) Dr. Bert found Plaintiff could sit for four hours per workday and stand and walk for two hours per workday. (*Id.* at 926.) He also found that Plaintiff's pain affects her ability to function and would cause her to be off-task for 11-to-15 percent of her workdays. (*Id.* at 928.) The ALJ gave this opinion minimal weight because it is purportedly inconsistent with the record. (*Id.* at 24.) Specifically, the ALJ found Plaintiff "experienced significant improvement in her pain and ability to use her right lower extremity status post surgeries." (*Id.*)

When evaluating medical opinion evidence, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant

factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Substantial evidence does not support the ALJ's conclusion that Dr. Bert's opinion was inconsistent with the medical evidence. Specifically, the record belies the ALJ's conclusion that Dr. Bert's opinion is undermined by Plaintiff's improvement with treatment. The records the ALJ cites for support do not bolster the ALJ's conclusion. (*Id.* at 24.) Conversely, they likely corroborate Dr. Bert's opinion. (*Id.* at 697, 775, 930, 932, 988.) The ALJ cites a May 2016 treatment record indicating Plaintiff could begin weightbearing-ambulation as tolerable. (*Id.* at 24, 775.) But this recommendation was recorded shortly after Plaintiff's second right-hip surgery and before the record indicates Plaintiff was advised she might need a total hip replacement due to her lack of improvement. (*Id.* at 793, 988–90.) Similarly, the ALJ cites October and November 2016 records that indicate Plaintiff actually had increasing pain, and that she only experienced a few days of relief from injections. (*Id.* at 930–32.) A February 2017 record cited by the ALJ is from an appointment where Plaintiff "presents to [providers] as a referral for [evaluation for] early hip replacement surgery as [she] is in so much pain and significantly symptomatic." (*Id.* at 988.) Based on the ALJ's analysis, the Court discerns no sustained improvement that undermines Dr. Bert's opinion. Nor do the physical findings the ALJ cites support her evaluation of Dr. Bert's opinion. The ALJ cites a physical exam after Plaintiff's first surgery, which is of little consequence since she required another surgery after her first. (*Id.* at 793.) Finally, the April 2016 physical findings cited by the ALJ do not undermine Dr. Bert's opinion. (*Id.* at 24, 697.) The cited findings indicate that Plaintiff had back pain and painful range of motion shortly after her second hip surgery. (*Id.*)

In sum, none of the findings cited by the ALJ undermine Dr. Bert's opinion. The records the ALJ relies upon do not support her conclusion that Plaintiff "experienced

improvement in her pain and ability to use her right lower extremity status post surgeries." (*Id*. at 24.) Accordingly, substantial evidence does not support the ALJ's evaluation of Dr. Bert's opinion, and thus, the ALJ erred.

### 2. The ALJ did not err by discounting Plaintiff's symptom testimony.

Plaintiff testified that her hip pain and mental health impairments prevent her from working. (*Id*. at 64.) Regarding her hip, Plaintiff testified that she has had two surgeries but was "still having a lot of trouble with [her hip]." (*Id*. at 63.) She cannot sit or stand for long without pain. (*Id*. at 63–64.) She also testified that she has manic and depressive symptoms that contribute to her functional limitations. (*Id*. at 64–65.) The symptoms include panic attacks, flashbacks, anxiety, and issues with concentration. (*Id*. at 71–73.) The ALJ discounted Plaintiff's allegations for several reasons. First, the ALJ found Plaintiff's testimony was inconsistent with the objective medical evidence. (*Id*. at 22.) Second, the ALJ found Plaintiff's improvement with treatment was inconsistent with her allegations. (*Id*.) Third, the ALJ found her testimony was inconsistent with Plaintiff's educational background. (*Id*.) Fourth, the ALJ found her allegations were inconsistent with her noncompliance with treatment, specifically her failure to take prescribed psychiatric medications. (*Id*. at 23.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical

evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Substantial evidence supports the ALJ's finding that Plaintiff's symptom testimony is undermined by her noncompliance with psychiatric treatment. Noncompliance with treatment is a permissible basis for an ALJ to discount a claimant's testimony. *See* 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your medical source(s) if this treatment is expected to restore your ability to work."); *see also Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Plaintiff is incorrect that noncompliance with treatment is an insufficient basis to reject a claimant's testimony when that claimant experiences mental impairments. (Pl. Br. at 20.) Plaintiff's argument would have weight in cases where a claimant's noncompliance is directly caused by her mental impairments, but Plaintiff does not identify a link between her noncompliance with treatment and her mental impairments. Instead, the ALJ reasonably interpreted the available evidence and found that Plaintiff responded well to treatment on medication, but, at times, failed to comply with her treatment. (R. at 22, 892, 993, 996 1011, 1198.) Additionally, the ALJ also reasonably concluded that the objective evidence—specifically, Plaintiff's normal mental status examinations—undermines Plaintiff's allegations regarding her mental impairments. (*Id*. at 23, 723, 827, 832, 834, 841, 845.) These conclusions are supported by substantial evidence and justify the ALJ's decision to discount Plaintiff's allegations of disabling symptoms.

Some of the ALJ's remaining reasons for rejecting Plaintiff's allegations—especially her allegations regarding her physical limitations—were likely unsupported by substantial evidence. Nevertheless, any errors committed by the ALJ in evaluating Plaintiff's symptom testimony were harmless. Since the ALJ provided valid reasoning supported by substantial evidence, the additional rationales for rejecting Plaintiff's symptom testimony were superfluous. Thus, any errors made in those analyses were inconsequential. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir.

2006) (finding that harmless error principles apply when an error is inconsequential to the ultimate nondisability determination).

Substantial evidence supports the ALJ's rejection of Plaintiff's symptom testimony. The ALJ reasonably determined that Plaintiff's allegations of disabling symptoms were inconsistent with the objective evidence and evidence indicating Plaintiff was noncompliant with her medication. These reasons were permissible bases to reject Plaintiff's testimony, and accordingly, the ALJ did not commit reversible error in evaluating Plaintiff's symptom testimony.

### C. The appropriate remedy is to remand Plaintiff's case for computation and payment of benefits.

Plaintiff argues that "[l]imitations congruent with Dr. Bert's assessment . . . establish limitations inconsistent with the ability to perform any sustained work." (Pl. Br. at 22.) Thus, Plaintiff argues that the Court should apply to credit-as-true rule and remand her case for benefits. (*Id.*)

The credit-as-true rule applies if each part of a three-part test is satisfied. *See Garrison*, 759 F.3d at 1020. First, the record must have been fully developed and further administrative proceedings would serve no useful purpose. *Id.* Next, the ALJ must have failed to provide sufficient reasons for rejecting the claimant's testimony or medical opinions. *Id.* Finally, if the improperly discredited evidence were credited as true, then the ALJ would be required to find the claimant disabled. *Id.* Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

Here, each element of the credit-as-true rule is met, and the rule applies. First, the record is fully developed, and further proceedings would not serve a useful purpose. Defendant argues that further proceedings would be useful to resolve outstanding issues. (Def. Br. at 14.) Specifically, Defendant argues that remand for further proceedings is appropriate because some evidence undermines Plaintiff's allegations regarding her mental

impairments. (*Id.*) The Court disagrees since the record is fully developed regarding Plaintiff's physical limitations and no outstanding issues exist regarding Plaintiff's physical impairments and symptoms. Further, Plaintiff's physical impairments are dispositive of her case. Second, the ALJ erred by failing to provide sufficient justification for rejecting Dr. Bert's opinion. Third, if Dr. Bert's opinion were credited as true, then the ALJ would be required to find Plaintiff's disabled. At Plaintiff's hearing before the ALJ, the vocational expert testified that a person with limitations consistent with Dr. Bert's opinion would be unable to sustain work. (*Id.* at 78–79.) Finally, the record does not create serious doubt that Plaintiff is, in fact, disabled. Defendant argues there is serious doubt because reviewing physicians found Plaintiff could perform simple, unskilled work. Again, the Court disagrees. Dr. Bert's opinion is consistent with the record as a whole and Defendant fails to identify evidence that seriously undermines his opinion regarding Plaintiff's functional limitations.

## IV. CONCLUSION

Substantial evidence does not support the ALJ's nondisability determination. Though the ALJ reasonably discounted Plaintiff's symptom testimony, the ALJ erred by rejecting Dr. Bert's treating physician opinion. The ALJ's conclusion that the opinion was inconsistent with Plaintiff's improvement was, itself, inconsistent with the evidence. Because the credit-as-true rule applies, the Court finds the appropriate remedy is to remand Plaintiff's case for computation and award of benefits.

**IT IS THEREFORE ORDERED** reversing the February 22, 2019 decision of the Administrative Law Judge (R. at 27).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for computation and payment of benefits.

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 12th day of July, 2021.

_____
Honorable John J. Tuchi
United States District Judge